| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| PARKER McCAY P.A. |
| Brian E. Caine, Esq. |
| 9000 Midlantic Drive, Suite 300 |
| P.O. Box 5054 |
| Mount Laurel, New Jersey  08054 |
| (856) 985-4059 |
| Attorney for Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner Trustee of CSMC 2019-RPL11 Trust |

**Order Filed on November 13, 2020
by Clerk,
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Seungwan Noh

CASE NO.  19-15683-SLM
Chapter:  13
Hearing: November 13, 2020
Judge:  Stacey L. Meisel

**ORDER RESOLVING WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE OF CSMC 2019-RPL11 TRUST'S MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

**DATED: November 13, 2020**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

**(Page 2)**
Debtor:  Seungwan Noh     Case No:  19-15683-SLM
Caption of Order:  Order Resolving Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner Trustee of CSMC 2019-RPL11 Trust's Motion for Relief from Stay and Co-Debtor Stay

Upon consideration of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner Trustee of CSMC 2019-RPL11 Trust, its successors and/or assigns, (hereinafter "Movant") application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay and section 1301 co-debtor stay as to certain real property as hereinafter set forth, and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. As of October 12, 2020, the post-petition arrears was $9,203.85.  Movant acknowledges receipt of a $9,203.85 payment on October 30, 2020, which if good funds would bring the account current post-petition through and including the October 1, 2020 payment.

2. If the payment of $9,203.85 made October 30, 2020 does not clear the payment negotiation process ("bounces"), then Movant may immediately certify default with the Court.

3. Commencing with the November 1, 2020 regular monthly post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

4. Debtor shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $1,031.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief.

5. **Forty-Five Day Default Clause:**    If the Debtor should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant for more than (45) days from the due date, then upon Certification of Default of said payments in accordance herewith submitted by secured creditor's counsel, and under the timeframe providing for any opposition filed under LBR 4001-1(b)(2), the Court shall enter a General Relief Order, vacating the automatic stay of 11 *U.S.C.* §362(a) and §1301 co-debtor stay with respect to the realty commonly known as 467 Stevens Ave, Ridgewood NJ 07450.